STATE OF MISSOURI *ex rel.* R. F. WINGATE, Attorney-General, Petitioner, *v.* JOHN S. MORRISON, Respondent.

*Constitution—Executive—Commission— Officer — Sheriff.* —Before a person elected to the office can assume the duties of sheriff he must be commissioned by the Governor. See *ante* State ex rel. Att'y-Gen'l v. Pool, 32.

*R. F. Wingate,* Att'y-Gen'l, *A. F. Denny,* and *Robert Prewitt,* for State.

The defendant is required to have a commission issued by

the Governor before he is authorized to exercise the duties of sheriff—§ 25, art 5, Const.; § 25 G. S. 63; § 1 G. S. 56; § 1 G. S. 38; Brodie v. Campbell, 17 Cal. 12.

*Wm. A. Hall,* for defendant.

Authorities: 8 Mo. 264; 10 Pet. 472; 6 Pet. 729–30; 15 Mo. 141; 16 Ohio, 463; 5 Cranch, 185; 10 Wheat. 192; 6 Cranch, 267.

HOLMES, Judge, delivered the opinion of the court.

This is an *ex officio* information in the nature of *quo warranto*, alleging that the respondent had on the 9th day of November, 1866, intruded into and usurped the office of sheriff of the county of Howard, and had since that day unlawfully held said office, exercising the duties thereof without having a commission from the Governor.

There were some other allegations to the effect that the respondent was disqualified under the Constitution of the State from holding said office.

The answer of the respondent alleged that he had been duly elected sheriff of said county at the general election which was held on the 6th day of November, 1866; had received his certificate of election, had filed his bonds both as sheriff and collector, had taken and filed the oath of loyalty as required by the Constitution, and had been duly qualified and had entered upon the duties of the office; but admitted that he had not been commissioned by the Governor as such sheriff.

Some other matters were stated also in denial of the causes of disqualification which were averred in the petition.

The cause was submitted upon a demurrer to the answer.

It has already been decided by this court that the sheriff is one of the officers who are by the Constitution required to be commissioned by the Governor—State ex rel. Att'y-Gen'l v. Pool, *ante* p. 32. We see no occasion for any further discussion of this question. The respondent could not law-

fully enter upon the duties of the office until he had received a commission.

This necessarily disposes of the whole case; and the other matters which appear in the pleadings need not be considered at this time. They involve an issue of fact which is not essential to the final determination of the case upon this record. It follows that the exercise of official functions by the respondent as sheriff without a commission from the Governor is unlawful, and in effect a usurpation of the office.

The demurrer must therefore be sustained; and a judgment of ouster and costs will be entered. No fine will be imposed. The other judges concur.